IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 6390 |
| ADVANCE INDUSTRIAL CONSTRUCTION, LLC, EMIL RUFFALO, JULIE RUFFALO, and MICHAEL S. POLSKY, not Individually but in his Capacity as Receiver of the Assets of Advance Mechanical Contractors, Inc., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to transfer or in the alternative to dismiss. Based on the reasons stated below, we grant the motion to transfer.

## BACKGROUND

In October 2003, Defendant Advance Industrial Construction, LLC, Defendant Emil Ruffalo, Defendant Julie Ruffalo, and Advance Mechanical

1

Contractors (collectively "Indemnitors") each executed an agreement of indemnity ("Agreement") with Plaintiff Fidelity & Deposit Company of Maryland ("Fidelity"), in return for which Indemnitors agreed "to exonerate, reimburse and indemnify [Fidelity] for all losses, costs and expenses incurred in connection with the issuance of such bonds . . . ." (Compl. Par. 9). Fidelity claims that as a result of the Indemnitors' breach of the Agreement, Fidelity has been required to pay claims exceeding $1,000,000 against several bonds. Fidelity also alleges that it has incurred significant fees as a result of these claims against the bonds. (Compl. Par. 15).

Fidelity filed the instant action, which includes in the complaint a claim for contractual indemnity (Count I), a claim for specific performance of the collateral deposit (Count II), a claim for contractual exoneration (Count III), a claim alleging a duty to use and account for contract payments (Count IV), a request for preliminary and permanent injunctions (also inexplicably titled Count III), and a claim for access to books and records (Count V). Defendants are now moving to transfer the instant action to the Eastern District of Wisconsin or, in the alternative, to dismiss the action.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district if such a transfer is appropriate if it is done "[f]or the convenience of

parties and witnesses, [and] in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case pursuant to 28 U.S.C. § 1404(a), the transferor court must first find that: 1) venue is proper in the transferor district, and 2) venue is proper in the transferee district. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986); 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

### DISCUSSION

Defendants argue that the instant action should be transferred to the Eastern District of Wisconsin. If venue is proper in both the transferor and transferee districts, the transferor court should then consider: 1) the choice of forum by plaintiff, 2) the convenience of the parties, 3) the convenience of the witnesses, and 4) the interest of justice. *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge*, *Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *Coffey*, 796 F.2d at 220 n. 3. The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Coffey*, 796 F.2d at 220.

I. Venue

In order to transfer this action to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a), venue must be proper in the Eastern District of Wisconsin and in the Northern District of Illinois. In diversity cases, such as the instant action,

3

there is venue only in districts "(1) . . . where any defendant resides, if all defendants reside in the same State, (2) . . . in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) . . . in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). In the instant action, Defendants are all citizens of Wisconsin, which means that under 28 U.S.C. § 1391(a), there is venue in the Eastern District of Wisconsin. (Resp. 4)(stating that there is venue in the Eastern District of Wisconsin). In addition, Defendants admit that five of the fourteen bonds in question in the instant action involve properties located in the Northern District of Illinois. (Rep. 2). This is a "substantial part" of the events that form the basis of Fidelity's complaint. We also note that in the parties' joint initial status report, filed on January 6, 2006, Fidelity and Michael Polsky, the only Defendant served at the time the report was filed, both admit that venue is proper in the Northern District of Illinois. Therefore, we conclude that venue is also proper in the Northern District of Illinois.

II. Fidelity's Choice of Forum

Fidelity has chosen to litigate the instant action in the Northern District of Illinois. In considering whether to transfer an action, the court should afford some consideration to the plaintiff's choice of forum. *See Federal Deposit Ins. Corp.*, 592

4

F.2d at 368; *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly . . . disturbed." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir. 1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294 (expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states, as is the case in the instant action, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.,* 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable, the plaintiff's choice of forum should prevail. *Id.*; *see also Heston v. Equifax Credit Info. Servs. LLC*, 2003 WL 22243986, at *1 (N.D. Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum").

In the instant action, Fidelity alleges that it is a Maryland corporation that has a "large branch office" in Illinois. (Resp. 5). Fidelity admits in its response to the instant motion that the only reason it filed the instant action in the Northern District of Illinois was "because of the convenience it provides to [Fidelity's] counsel in this matter." (Resp. 7). However, Fidelity goes on to state that its "convenience is largely irrelevant," (Resp. 8). Furthermore, Fidelity admits that even though five of the fourteen bonds that are involved in the instant action are related to Illinois, the

5

majority of the bonds in question are located in the Eastern District of Wisconsin. (Resp. 6). Fidelity also states that the Indemnitors and "their relevant documentation" are all located in the Eastern District of Wisconsin, while the only reason that Fidelity's documents are located in Illinois is because Fidelity chose to send them to its attorney in Illinois. (Resp. 6)(stating that "[a]s a result of [Fidelity's] outside counsel's role in investigating, defending and settling many of the claims and issues relating to [Fidelity's] bonds, almost all of [Fidelty's] proof and documentation is already currently located at the offices of F&D's counsel, which offices are in the NDIL [and that] [a]ny additional documentation that is obtained by [Fidelity] through discovery will also be located in the same counsel's offices"). Finally, Fidelity states that its internal claims counsel, who is also its main witness, will have to travel to either District. (Resp. 6). Accordingly, given that neither Fidelity nor the events that form the basis for this case have significant ties to the Northern District of Illinois, we find that Fidelity's choice of forum deserves little weight in the resolution of the instant motion.

III. Convenience of the Parties and Witnesses

In the instant action, Fidelity is a citizen of Maryland, while all of the Defendants are citizens of Wisconsin. Defendants claim that Emil Ruffalo, one of the Defendants, is elderly and has medical conditions that would make it difficult for him to travel to Chicago. (Rep. 4). In addition, Fidelity has stated that its

6

convenience is "largely irrelevant" and that its internal claims counsel will have to travel to either District. (Resp. 8). Fidelity admits that much of the evidence in this case will come from witnesses that are primarily located in Wisconsin. (Resp. 6-8). Furthermore, the owner of the company that purchased Advance Mechanical Contractors, who will most likely be a witness in this action, is a resident of Wisconsin. Therefore, we find that the convenience of the parties and the witnesses supports transferring the instant action to the Eastern District of Wisconsin.

IV. Interest of Justice

In determining whether the interest of justice supports transferring a case, a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663.

As we found above, this action does not have any significant ties to the Northern District of Illinois, whereas it does have significant ties to Wisconsin. Fidelity has also not shown that the Northern District of Illinois is more familiar with

7

the relevant law that will be applied in this case. In addition, Fidelity admits that "the considerations of speed in the respective districts are largely moot." (Resp. 10). Accordingly, we conclude that the interest of justice weighs in favor of transferring the instant action to the Eastern District of Wisconsin.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to transfer the instant action to the Eastern District of Wisconsin.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 21, 2006